CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 23 2016

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RONNIE T. SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 5:15-CV-0027 |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | By: Michael F. Urbanski |
| Commissioner of Social Security, ) | United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on plaintiff Ronnie Shelton's ("Shelton") "Motion for Reconsideration." ECF No. 16. Shelton asks the court to reconsider its September 13, 2016 order dismissing this case for lack of subject matter jurisdiction (ECF No. 15). For the reasons that follow, Shelton's motion is **DENIED**.

### I.

Shelton filed his complaint on April 23, 2015. The complaint stems from a series of applications Shelton made for Social Security Income and Disability Insurance Benefits, all of which were denied.[1] Shelton sought review of the Social Security Administration's dismissal of his most recent claim for benefits on res judicata grounds. Carolyn Colvin, the Commissioner of Social Security ("Colvin") filed a motion to dismiss, arguing that the court was without jurisdiction to consider Shelton's complaint. ECF No. 7. The motion was

---

[1] For a detailed history of Shelton's administrative and judicial appeals, see ECF No. 12, at 1–3.

referred to Magistrate Judge Joel C. Hoppe, who issued a report recommending the court grant Colvin's motion. ECF No. 12.

The report noted that judicial review is ordinarily precluded where an application for social security benefits is dismissed on res judicata grounds. Id. at 4. However, courts still have jurisdiction to consider constitutional issues. Id. The report identified one such issue: under Shrader v. Harris, 631 F.2d 297 (4th Cir. 1980), "[w]hen mental illness precluded a pro se claimant from understanding how to obtain an evidentiary hearing after ex parte denial of his application for benefits," dismissal of that claimant's subsequent motion for a hearing on res judicata grounds violates the due process clause of the Constitution. Id. (quoting Shrader, 631 F.2d at 300). The report found that the rule articulated in Shrader did not save Shelton's claim from dismissal for the simple reason that Shelton was represented by an attorney during his application process. Id. at 6. Thus, dismissal of his claim does not violate due process. Id. at 7.

On September 13, 2016, this court, after de novo review of Shelton's single objection (ECF No. 13), adopted Judge Hoppe's report in its entirety, and dismissed the case for lack of subject matter jurisdiction. ECF No. 15. On October 11, Shelton filed his motion for reconsideration, ECF No. 16, to which Colvin subsequently filed a response in opposition, ECF No. 17.

## II.

Motions for reconsideration, while not uncommon in federal practice, are not recognized under the Federal Rules of Civil Procedure. See Ambling Mgmt. Co. v. Univ. View Partners, LLC, No. WDQ-07-2071, 2010 WL 457508, at *1 n.3 (D. Md. Feb. 3, 2010);

2

Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 100 (E.D. Va. 1983). Nevertheless, courts have held that these motions can perform a valuable function. Above the Belt, Inc., 99 F.R.D. at 101. Such a motion would be appropriate where, for example,

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or acts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Id. Indeed, because of the interest in finality, courts should grant motions for reconsideration sparingly. Univ. of Va. Patent Found. v. Gen. Elec. Co., 755 F. Supp. 2d 738, 743–44 (W.D. Va. 2011) (quoting Dayoub v. Penn–Del Directory Co., 90 F. Supp. 2d 636, 637 (E.D. Pa 2000)); see Downie v. Revco Discount Drug Ctrs., No. 3:05cv00021, 2006 WL 1171960, at *1 (W.D. Va. May 1, 2006). A motion to reconsider should not be used to reiterate arguments previously made or "to ask the Court to rethink what the Court had already thought through—rightly or wrongly." Above the Belt, Inc., 99 F.R.D. at 100.

Pursuant to the Federal Rules, a party can move for a new trial or to alter or amend a judgment pursuant to Rule 59, or move for relief from a judgment or order pursuant to Rule 60. A party making a motion under Rule 59 must file the motion no later "than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). The Fourth Circuit has held that courts should construe a post judgment motion for reconsideration filed within the Rule 59 deadline as a motion to alter or amend a judgment pursuant to Rule 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be

3

treated as a motion under Rule 59(e), however it may be formally styled."[2]); see also MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277–78 (4th Cir. 2008) (noting CODESCO continues to apply notwithstanding the amendment of Federal Rule of Appellate Procedure 4). A motion that is filed later is construed as a Rule 60(b) motion for relief from judgment or order. In re Burnley, 988 F.2d 1, 2–3 (4th Cir. 1992); Ambling Mgmt. Co., 2010 WL 457508, at *1 n.3.

Here, Shelton filed his motion for reconsideration on October 11, 2016, exactly twenty-eight days after the court dismissed the case. Thus, the court will construe his motion as a motion to alter or amend under Rule 59(e).

### III.

Although Rule 59(e) does not set forth the standard under which a district court may amend an earlier judgment, the Fourth Circuit has outlined three reasons for doing so: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The purpose of a Rule 59(e) motion is not to give "an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

---

[2] Post-CODESCO, Rule 59(e) was amended to allow twenty-eight days to file such a motion.

4

Shelton does not specify which basis for amending the court's earlier judgment applies in this case. Because he cites no changes to the law and presents no evidence that post-dates the dismissal order, the court will assume Shelton seeks reconsideration based on "a clear error of law or [] manifest injustice." Hutchinson, 994 F.2d at 1081.

Shelton puts forward three "items" in support of his motion for reconsideration.[3] First, prior reviews of his claims for benefits were conducted with "remanufactured court evidence"—altered versions of documentation. ECF No. 16, at 1. Moreover, the Social Security Administration ("SSA") failed to produce some of his medical information. Id. This, he argues, violated his due process rights. Id. Second, Shelton's rights under the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d et seq. ("HIPAA") were violated in several ways. Id. at 3. Specifically, certain Social Security paperwork was left blank, and Administrative Law Judge Mark O'Hara wrongfully relied on the testimony of a vocational expert. Id. Third, Judge O'Hara incorrectly evaluated Shelton's mental and physical health, which Shelton alleges also violated his due process rights. Id. at 4–5.

None of these arguments justify the "extraordinary remedy" of reconsideration. Pac. Ins. Co., 148 F.3d at 403. The court found that, because Shelton was represented by counsel in earlier proceedings, the holding of Shrader v. Harris did not provide an exception to the baseline rule precluding judicial review where an application for social security benefits is dismissed on res judicata grounds. Shelton's motion does nothing to suggest that declining

---

[3] These items are not conceptually distinct, and sometimes reargue points already argued to the court. Compare, e.g., Shelton's Objection, ECF No. 13, at 1 ("The Court concluded that the break in communication between Shelton and [his attorney] did not change the fact that [his attorney] had the duty to advocate and pursue Shelton's interests."), with ECF No. 16, at 5 ("I did have an attorney that was not paid . . . the attorney did not have an address for me to forward or contact me.") In recognition of Shelton's pro se status the court will attempt to cast his arguments in the most meritorious possible light.

5

to extend the holding of Shrader to counseled litigants represents "a clear error of law" or works "manifest injustice." Moreover, absent a constitutional issue, the court is without subject matter jurisdiction to hear these new arguments he presents, however credible. To the extent Shelton now attempts to advance an alternative constitutional issue that would justify the court's subject matter jurisdiction, he is simply too late. These arguments could have been raised by Shelton's counsel prior to the entry of dismissal. Shelton may not now re-litigate his case. See Wootten v. Virginia, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) ("[R]econsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant.").

Even if this court were to relax the stringent standards governing modification under Rule 59(e), it is highly doubtful that Shelton has successfully raised a constitutional issue that would permit judicial review. His second item is easily disposed of: it merely alleges a violation of a statutory right, and does not implicate a constitutional issue. Cf. Davis v. Passman, 442 U.S. 228, 241–42 (1979) (While Congress may determine "in what manner" statutory rights are enforced, "we presume that justiciable constitutional rights are to be enforced through the courts.").

His first and third items, meanwhile, identify vague deficiencies in the review of his case,[4] and, in conclusory fashion, allege that they "violate his due process." This allegation,

---

[4] For one, Shelton alleges that certain medical records were not produced to the court when Shelton first filed a complaint in the Western District of Virginia in 2005. It is worth noting that, although Judge Conrad did admit that the SSA had records that were not produced while he was reviewing Shelton's application, he also found that none "of the medical reports change what was said in the court's opinion." ECF No. 16-1, at 9.
Shelton's other allegations are more difficult to parse. He argues that the records provided to Judge O'Hara were "cleaned up and reproduced," and "should have been the exact copy, not changed like many other documents

6

without more, does not confer subject matter jurisdiction on the court. "If the mere allegation of a denial of due process can suffice to establish subject-matter jurisdiction, . . . [e]very disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review." Holloway v. Schweiker, 724 F.2d 1102, 1105 (4th Cir. 1984); see Bell v. Hood, 327 U.S. 678, 682–83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution . . . clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.").

## IV.

Having carefully reviewed Shelton's Motion for Reconsideration, the Commissioner's response to that motion, and the magistrate's report and recommendation, the court concludes that altering its order of dismissal in this case is not necessary to correct a clear error of law or prevent manifest injustice. Shelton's burden under Rule 59(e) is a high one. The Fourth Circuit has stated that a prior decision does not qualify as clearly erroneous or working manifest injustice "by being 'just maybe wrong or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'" TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (ellipsis in original) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., Nos. 92-2355, 92-2437, 1995 WL 520978, at *5

---

from one court to the other court." ECF No. 16, at 2. Otherwise, Shelton declines to go into specifics, and, without more, the court can glean no reason to believe a due process violation occurred. Shelton's third item, meanwhile, essentially argues that Judge O'Hara reached the wrong conclusion as to his mental and physical health—a point that does not even address the process he was afforded. Cf. Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard . . . ."); See generally ECF No. 16, at 4–5.

7

n.6 (4th Cir. Sept. 5, 1995)). Shelton has simply not met this burden. As such, his motion is **DENIED**.

An appropriate Order will be entered.

Entered: 11-23-2016

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge